LA SOCIEDAD ESPAÑOLA DE AUXILIO MUTUO Y BENEFICENCIA ET AL. *v.* ROSSY.

APPEAL from the District Court of San Juan.

No. 533.—Decided January 23, 1911.

CAUTIONARY NOTICE OF ATTACHMENT—REAL ACTION.—A cautionary notice of attachment, with prohibition to alienate, cannot convert into a real action an action which lacks this character, nor can it prejudice rights acquired by a third person over the same property prior to the cautionary notice, although his title may not be recorded at the time of entering the notice; nor can said notice give to the person obtaining the same the character of a third person with respect to those who have acquired such prior rights, since the law allows him preference only as to alienations or encumbrances effected subsequently to his cautionary notice.

The facts are stated in the opinion.

The appellant appeared in his own behalf.

*Mr. Eugenio Benítez Castaño* for respondent.

MR. JUSTICE DEL TORO delivered the opinion of the court.

This Supreme Court of Porto Rico, by judgment of March 20, 1906, in the case of *Mollfulleda* v. *Ramos,* declared that the title to a certain rural estate consisting of 200 *cuerdas* situated in Hato Rey, Río Piedras, belonged to the daughters of Ramón Mollfulleda, named Carmen María, Margarita, Teresa María, Ramona María, Paula María, and Alejandrina Mollfulleda y Osorio, and by public deed, executed before Notary Monserrat on April 16, 1906, the said Mollfulleda sisters sold the aforesaid estate to the plaintiff and appellee, Juana Ramos Latour.

The defendant and appellant, Manuel F. Rossy, was the attorney who represented the Mollfulleda sisters in the case of *Mollfulleda* v. *Ramos,* to which we have alluded, and for the purpose of recovering his fees he brought an action against them in which he requested and obtained a decree to secure the effectiveness of the judgment through the attachment of and prohibition to alienate the aforesaid estate, which, by this time, had already been sold to the plaintiff, Ramos, but not recorded in her name in the registry of property.

In order to comply with the decree to secure the effectiveness of the judgment it was first entered in the judgment book of this Supreme Court, and then a cautionary notice of the attachment and prohibition to alienate was entered some time in April, 1907.

After the cautionary notice of attachment had been entered the plaintiff and appellee, Juana Ramos Latour, had her deed recorded in the registry, and then sold a portion of the estate consisting of 34,551.29 square meters to the "Sociedad Española de Auxilio Mutuo y Beneficencia," which is also a plaintiff and appellee herein, and another portion of 80 *cuerdas* to the other plaintiffs and appellees mentioned in the complaint. These two sales were also recorded in the registry of property.

Thus matters stood when the defendant, Rossy, obtained

a judgment in his favor in his suit for the recovery of fees prosecuted against the Mollfulleda sisters, to execute which a judicial sale of the attached estate was announced. Thereupon the plaintiffs instituted the present action, which was decided in their favor by the District Court of San Juan in a judgment rendered February 3, 1910, wherein it was held that the title to the estate in question belonged to the plaintiffs without any limitation derived from the prohibition to alienate the same that had been entered by the defendant against the former owners. From this judgment the present appeal was taken.

In view of the foregoing facts, the statement whereof is based on the allegations and the written stipulation filed with the judge of the lower court signed by both parties, it is to be concluded without effort that the law sustains the judgment appealed from.

Had the estate in question really belonged to the Mollfulledas at the time or after the cautionary notice was obtained by the appellant, said notice would have produced its legal effects; but when the notice was entered the estate no longer belonged to the Mollfulledas, for which reason it was wholly ineffective.

The appellant cannot be considered a third party, nor can his case be regulated by the principles governing double sales of realty. He had, and has, only a personal action against the Mollfulledas, and not a real action against the estate which had belonged to them. The fact of the cautionary notice cannot, by itself, convert a personal action into a real action.

The fact that the estate was recorded in the registry in favor of the Mollfulledas and immediately thereafter a cautionary notice was entered of the action for the recovery of fees brought against them by the appellant cannot destroy nor even affect the rights of the plaintiffs and appellees in respect to said estate, rights which were acquired by virtue of a purchase and sale previously effected and confirmed in a

public document, even if said purchase and sale had not been recorded in the registry at the time the cautionary notice was entered.

The cautionary notice in this case was obtained under the provisions of the act to secure the effectiveness of judgments, which provisions bear a close relation to articles 42 *et seq.* of the Mortgage Law.

Commenting on said articles and while treating of the effects of cautionary notices in general, the commentators, Galindo and Escosura, in their work on *Mortgage Legislation,* volume 2, page 482, refer to the explanatory preamble of the law, and then say:

"To them, therefore, we refer the reader, at the same time calling his attention to the judgments of May 9 and September 23, 1873, according to which judicial cautionary notices cannot be considered as final judgments, because they do not declare rights, being essentially repealable and transitory; and to that of June 17, 1875, wherein it is decided that cautionary notices made to insure the results of a trial *are limited in their effects to this sole object,* but do not alter the nature of the obligation the fulfilment whereof it is sought to secure, nor convert a simple obligation into a mortgage obligation, nor impair rights third parties may have in said estate, a doctrine repeated in the judgments of April 5, 1878, October 10, 1882, and February 19, 1886.

"For this reason it is a generally accepted opinion—confirmed by the judgment of July 10, 1889—that with respect to one who in execution proceedings to recover a debt not secured by mortgage obtains an attachment on an estate which appears to have been previously sold, although the vendee has not had it recorded in his name, he has a better right than the one levying the attachment, whose credit lacks the character of a real right, which the attachment cannot impart."

And this Supreme Court of Porto Rico, in the case of *Vidal & Co. et al.* v. *Banco Territorial y Agrícola* (1 Castro, 204), laid down the following doctrine:

"The creditor who has obtained a cautionary notice of attachment levied on real property or mortgage credits of the debtor cannot be considered a third person, inasmuch as article 44 of the Mortgage

Law and section 1923 of the Civil Code allow him only the right of preference with regard to the property entered and with reference only to subsequent credits.

"The provisions of article 71 of the Mortgage Law refer to alienations or encumbrances effected or constituted respectively after entry of the cautionary notice, as is to be deduced from a comparative examination of said article and article 44 of the same law."

For the foregoing reasons the appeal should be dismissed and the judgment appealed from, affirmed.

*Affirmed.*

Justices MacLeary and Wolf concurred.

Chief Justice Hernández and Justice Aldrey did not sit at the hearing of this case.